# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL FELICIANO, | : | |
| Petitioner, | : | CIVIL ACTION |
| v. | : | No. 18-2139 |
| KEVIN RANSOM, et al., | : | |
| Respondents. | : | |

## ORDER

This 5th day of November, 2018, pursuant to 28 U.S.C. § 636(b)(1)(C), upon careful review of the Report and Recommendation ("R & R") issued by the Honorable Timothy R. Rice (ECF No. 8) and upon consideration of Petitioner Michael Feliciano's Reply (ECF No. 10) and Objections to the R & R (ECF No. 11), it is hereby **ORDERED** that the R & R is adopted. Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** with prejudice and without issuance of a certificate of appealability for the reasons that follow.

Petitioner seeks relief from his conviction on two grounds. First, he argues that trial counsel was ineffective for failing to call eyewitness Lawrence Cooper during trial. Second, he asserts that the trial court provided an incomplete or inaccurate jury instruction on reasonable doubt in violation of the Due Process Clause of the Fourteenth Amendment. In the R & R, Judge Rice carefully reviewed both grounds and found that neither supports Petitioner's request for relief. Petitioner subsequently filed a Reply to the Commonwealth's answer to his petition as well as Objections to the R & R. He expanded on his second ground for relief, arguing that the trial court's jury instructions on accomplice liability and consciousness of guilt, in combination with the reasonable doubt instruction, violated the Due Process Clause of the Fourteenth Amendment. Technically, these supplemental arguments need not be considered, as they are

1

submitted in violation of this Court's Procedural Order (ECF No. 4). I have nonetheless considered them, find the supplemental arguments unpersuasive, and agree with Judge Rice that both of Petitioner's grounds for relief are meritless.

Judge Rice thoroughly considered and properly rejected Petitioner's first ground for relief regarding trial counsel's failure to call eyewitness Lawrence Cooper. He applied the appropriate level of deference to the state court's finding on counsel's effectiveness and correctly found that the state court's determination was not objectively unreasonable. R & R at 5–7. The state court rejected Petitioner's claim of ineffective assistance of counsel because it found Cooper's testimony questionable and because Petitioner had not established that Cooper was available and willing to testify at the 2011 trial. Because Petitioner offered no clear and convincing evidence to rebut the state court's determination, Judge Rice found that determination reasonable. *Id.* No new evidence to rebut the state court's finding appears in Petitioner's Reply or his Objections to the R & R, and therefore Petitioner's first basis for relief is meritless.

Judge Rice also correctly found that Petitioner's contentions relating to jury instructions provide no grounds for relief. As explained in the R & R, Petitioner's argument on this point is procedurally defaulted because he did not raise it during his Post-Conviction Relief Act appeal and has provided no basis for excusing this default. R & R at 7–8, 10. In his Objections to the R & R, Petitioner contends that his procedural default should be excused because Lawrence Cooper's statement constitutes evidence of actual innocence. Pet'r's Obj. at 2–3. This argument is unpersuasive. Even if not procedurally barred, the substance of Petitioner's claim regarding jury instructions lacks merit. With respect to the reasonable doubt and attempted murder instructions, Judge Rice found no error after reviewing the state court's record. Upon

independent review of the record, I agree: the jury instructions the trial court provided correctly stated the law.

I reach the same conclusion with respect to the accomplice liability and consciousness of guilt instructions. Petitioner claims the trial court misstated the law on accomplice liability by suggesting that the jury did not need to find specific intent to convict him of attempted murder on an accomplice liability theory. Pet'r's Reply at 11. He points to an instruction in which the trial court stated, "[i]t is enough that the person who is the accomplice of his own volition decides to act, to help another person commit a crime." *Id.* (quoting N.T. 8/10/11 at 237–38). While this alone may have been an incomplete description of accomplice liability, the trial court explained that "in order to find someone guilty of—on the basis of accomplice liability, you have to—you must find that the Defendant in this case had the intent to promote or facilitate commission of a specific crime." N.T. 8/10/11 at 239. The trial court further elaborated: "And I want to be clear on this. Not only must you find either they acted to assist in the crime, or that the Defendant solicited, requested, encouraged, or commanded the other person to participate or commit the crime, you must find the Defendant had the specific intent that those crimes be committed." *Id.* at 240. The latter statements expanded on the trial court's initial description of accomplice liability, which was not, as Petitioner suggests, an inaccurate instruction that should have been expressly withdrawn. Taken together, the accomplice liability instructions correctly stated the law.

There was evidence that Petitioner fled from both the scene of the mid-October incident and the October 30 incident. The trial court accordingly provided a consciousness of guilt instruction: "when a crime has been committed and a person thinks he is—or may be accused of committing it, and he flees or conceals himself, such flight or concealment is circumstantial

3

evidence tending to prove the Defendant is—has a consciousness of guilt." N.T. 8/10/11 at 225. The trial court further noted that "[s]uch flight or concealment does not necessarily show consciousness of guilt in every case . . . You may not find the Defendant guilty solely based on evidence of flight alone." *Id.* at 225–26. The trial court's instructions correctly stated the law. *See Commonwealth. v. Thoeun Tha*, 64 A.3d 704, 714 (Pa. 2013) (quoting *Commonwealth. v. Harvey*, 526 A.2d 330, 334 (Pa. 1987)). Given that both the consciousness of guilt and accomplice liability instructions correctly stated the law, they did not—alone or in combination with the reasonable doubt instruction—create "a reasonable likelihood" that the jury applied the instructions in such a way as to relieve the government of its burden of proving each element beyond a reasonable doubt. *See Bennett v. Superintendent Graterford SCI*, 886 F.3d 268, 285 (3d Cir. 2018).

For these reasons, I overrule the objections, reject Petitioner's supplemental arguments, adopt Judge Rice's R & R, and deny the Petition.

/s/ Gerald Austin McHugh
United States District Judge